# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| PRAVEEN KUMAR YEDDULA, | § | |
| | § | |
| *Plaintiff,* | § | Civil Action No. 4:26-cv-00166 |
| v. | § | Judge Mazzant/Judge Davis |
| | § | |
| KEVIN ANDREWS, *et al.* | § | |
| | § | |
| *Defendants.* | § | |
| | § | |

## MEMORANDUM ADOPTING REPORT AND
## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On March 3, 2026, the Magistrate Judge entered a Report and Recommendation (Dkt. #13) that Plaintiff Praveen Kumar Yeddula's complaint (Dkt. #1) be dismissed with prejudice, that his Motions for an Ex Parte Stay (Dkts. ##8, 10, 11) be denied, and that his Motion to Proceed *In Forma Pauperis* (Dkt. #2) be dismissed. On March 11, 2026, Plaintiff filed Objections (Dkt. #14) to the Report.

The Court has conducted a *de novo* review of the Objections and is of the opinion that the findings of the Magistrate Judge are correct, and the Objections are without merit as to the ultimate findings of the Magistrate Judge. However, because the Magistrate Judge disposes of Plaintiff Yeddula's claims against the defendants under the *Rooker–Feldman* doctrine, Plaintiff Yeddula's claims should be dismissed without prejudice, unless an immunity applies. *Doggins v. Green*,

No. 4:18-CV-00383-ALM-CAN, 2020 WL 6482981, at *5 (E.D. Tex. Aug. 17, 2020), *report and recommendation adopted,* 2020 WL 5587238, at *2 (E.D. Tex. Sept. 18, 2020).

Two defendants, the state-court judge and the court-appointed receiver, are entitled to immunity. Plaintiff Yeddula sued the Honorable Jennifer Edgeworth "in her official capacity only as Judge of the 219th District Court, Collin County, Texas," and Kevin Andrews "in his capacity as court-appointed receiver" in his Texas state-court case. (Dkt. #1). Because Defendants Edgeworth and Andrews are immune from suit, Plaintiff Yeddula's claims against both defendants will be dismissed with prejudice.

"It is well established that judges are absolutely immune from liability for judicial acts that are not performed in clear absence of all jurisdiction, however erroneous the act and however evil the motive." *Johnson v. Kegans*, 870 F.2d 992, 995 (5th Cir. 1989). To avoid judicial immunity, Plaintiff Yeddula must show that Judge Edgeworth's complained of actions were "not taken in [her] judicial capacity" or "taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 12 (1991). But Plaintiff Yeddula did not allege any facts related to Defendant Edgeworth and sued her only in her official capacity. (Dkt. #1 at 3). Defendant Edgeworth is entitled to judicial immunity.

Further, "[c]ourt appointed receivers act as arms of the court and are entitled to share the appointing judge's absolute immunity provided that the challenged actions are taken in good faith and within the scope of the authority granted to the receiver." *Davis v. Bayless*, 70 F.3d 367, 373 (5th Cir. 1995). Again, Plaintiff Yeddula fails to show that Defendant Andrews, as the court-appointed receiver in his state-court divorce action, acted beyond the scope of his official duties. The state court expressly authorized Defendant Andrews to initiate asset-recovery actions such as

2

managing and selling Plaintiff Yeddula's home. (Dkt. #1-3). Defendant Andrews is similarly entitled to immunity.

Accordingly, the Objections (Dkt. #14) are **OVERRULED** and the Magistrate Judge's Report is **ADOPTED AS MODIFIED** as the findings and conclusions of the Court.

It is therefore **ORDERED** that Plaintiff Yeddula's claims against Defendant Aparna Yeddula are **DISMISSED WITHOUT PREJUDICE.**

It is **FURTHER ORDERED** that Plaintiff Yeddula's claims against Defendants Honorable Jennifer Edgeworth and Kevin Andrews are **DISMISSED WITH PREJUDICE.**

It is **FURTHER ORDERED** that Plaintiff Yeddula's Motions for an Ex Parte Stay (Dkts. ##8, 10, 11) are hereby **DENIED.**

It is **FURTHER ORDERED** that Plaintiff Yeddula's Motion to Proceed In Forma Pauperis (Dkt. #2) is hereby **DISMISSED.**

All relief not previously granted is **DENIED.**

**IT IS SO ORDERED**.
**SIGNED this 8th day of April, 2026.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

3